

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-15-2002

# Cruz v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1376

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Cruz v. Comm Social Security" (2002). *2002 Decisions.* Paper 503.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/503

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 02-1376
_____

MARIA A. CRUZ,
Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 00-cv-04276)
District Judge: Honorable Nicholas H. Politan
_____

Submitted Under Third Circuit LAR 34.1(a)
on July 30, 2002

Before: BECKER, Chief Judge, ROTH and RENDELL, Circuit Judges,

(Filed: August 15, 2002)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Maria Cruz sought disability benefits in accordance with the Social Security Act, claiming that her epilepsy was severe enough to render her disabled. Ms. Cruz was formerly a fast-food worker and she last worked full-time in 1995.

The Administrative Law Judge ("ALJ") determined that she was not disabled, and that the seizures she experienced were controlled when she adhered to her prescribed medication regimen. The District Court reviewed this case pursuant to 42 U.S.C. 405(g) and 1383(c)(3), and we have jurisdiction on appeal pursuant to 28 U.S.C. 1291.

We review the Commissioner's decision to ensure that it is supported by "substantial evidence" which is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).

The ALJ considered that Ms. Cruz had seizures during her previous employment and still continued to work. Although the ALJ acknowledged that Ms. Cruz's claimed impairment was "severe," the ALJ also recognized that her epilepsy could be controlled adequately through the proper administration of medication and therefore should not limit her ability to work. The ALJ found no evidence that Ms. Cruz was required to operate any hazardous machinery or to work at unprotected heights in her job as a fast food worker. Ms. Cruz engaged in daily activities, completing basic household tasks such as cooking and cleaning in addition to taking care of her own child. The ALJ concluded that Ms. Cruz was capable of returning to a job similar to her past employment.

The District Court carefully reviewed the evidence in this case, as well as the ALJ's opinion, and disposed of each of Ms. Cruz's arguments in a detailed and thoughtful manner, and specifically concluded that the ALJ properly considered the state agency physician's findings. We concur with the District Court that on the basis of substantial evidence in the record, the ALJ correctly determined that Ms. Cruz's epilepsy

was not severe enough to interfere with her ability to perform her past employment. Because we will affirm, we need not reach the Commissioner's argument that the ALJ's alternative fifth step finding is supported by substantial evidence.

Accordingly, we will affirm. _____

TO THE CLERK OF COURT:

Please file the foregoing Not Precedential Opinion.


/s/Marjorie O. Rendell_____
Circuit Judge